UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: RICHARD FARIBORZ AFRAND | Case No.: 2:25-cv-00285-APG |
| RICHARD AFRAND, | **Order Reversing in Part Bankruptcy Court's Dismissal Order** |
| Appellant | [ECF No. 10] |
| v. | |
| ALEX FUGAZZI, ESQ., et al., | |
| Appellees | |

Richard Afrand appeals the Nevada bankruptcy court's order dismissing Afrand's claims with prejudice. In adversary proceedings before the bankruptcy court, Afrand brought third-party claims against the law firm Snell and Wilmer LLP and one of its attorneys, Alex Fugazzi (collectively, Fugazzi), alleging that they conspired to deprive Afrand of his legal rights by stipulating to dismiss his pending state court appeals. Afrand also sued the court-appointed chapter 7 trustee, Brian Shapiro, for breach of duty of neutrality, unauthorized legal actions, defamation, and unjust enrichment. The bankruptcy court granted dismissed Afrand's claims against the third-party defendants with prejudice and granted Shapiro's special motion to dismiss Afrand's defamation and unjust enrichment claims under Nevada's anti-SLAPP[1] statute.

Afrand argues that the bankruptcy court erred by dismissing without leave to amend, improperly applying legal doctrines, violating his due process rights, and improperly granting the special motion to dismiss for a statement that did not involve a public concern. The appellees respond that Afrand waived his appeal because the opening brief is excessively sparse, the bankruptcy court properly applied the law, and Afrand was afforded due process.

---

[1] Strategic litigation against public participation. Nev. Rev. Stat. § 41.635 et seq.

The parties are familiar with the facts and procedural history, so I repeat them here only as necessary to resolve the motion. I affirm the bankruptcy court in part. I affirm the dismissal with prejudice of Afrand's claim for conspiracy against Fugazzi and Snell and Wilmer because it is barred by the litigation privilege. I also affirm dismissal with prejudice of Afrand's claims against Shapiro for breach of duty of neutrality and unauthorized legal actions because they are barred by the litigation privilege and Shapiro has quasi-judicial immunity. And I affirm dismissal with prejudice of Afrand's unjust enrichment claim because he cannot allege a tangible benefit he conferred on Shapiro based on an online review. I reverse and remand the bankruptcy court's dismissal with prejudice of Afrand's defamation claim because he could conceivably amend and plead additional facts to assert a plausible defamation action. And I reverse the bankruptcy court's grant of Shapiro's special motion to dismiss because Shapiro's underlying statements were not on matters of public concern.

## I. STANDARD OF REVIEW

I review de novo dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Scheibe v. ProSupps USA, LLC*, 141 F.4th 1094, 1098 (9th Cir. 2025). I also review de novo the application of the litigation privilege at the dismissal stage and immunity for a bankruptcy trustee. *In re Cedar Funding, Inc.*, 419 B.R. 807, 816 (B.A.P. 9th Cir. 2009). And I review de novo the decision to grant or deny an anti-SLAPP special motion to dismiss. *Williams v. Lazer*, 495 P.3d 93, 96-97 (Nev. 2021) (en banc).

## II. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of

legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. The bankruptcy court properly dismissed Afrand's conspiracy claim with prejudice because it is barred by the litigation privilege.

Afrand argues that the bankruptcy court erred in applying the litigation privilege because he asserts that the third-party defendants' conduct was fraudulent or malicious.  Afrand also argues that the bankruptcy court misapplied issue preclusion and the collateral attack doctrine because the issue of fraud and collusion was not previously litigated.  Fugazzi responds that the bankruptcy court correctly applied all three doctrines, and each was sufficient to dismiss Afrand's claim with prejudice.

The Supreme Court of Nevada has adopted "the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged, rendering those who made the communications immune from civil liability." *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 903 (Nev. 2014) (en banc) (quotation omitted).  The privilege protects both "an attorney or a nonattorney" so long as the communication at issue is "related to ongoing litigation or future litigation contemplated in good faith." *Williams v. Lazer*, 495 P.3d 93, 100 (Nev. 2021) (en banc) (quotation omitted).  The

3

privilege's scope is "quite broad," and I should apply it "liberally." *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002). Consequently, when determining whether the privilege applies, I resolve any doubt in favor of the privilege's application. *Id.*

Afrand's main argument is that the litigation privilege "does not cover fraudulent or malicious conduct" and that Fugazzi committed "collusion, fraudulent dismissal of appeals, and misrepresentations." ECF No. 10 at 3 (emphasis omitted). But the Supreme Court of Nevada has made clear that the litigation privilege applies even to knowingly false and malicious communications. *See Greenberg Traurig*, 331 P.3d at 903. One of the only limitations to the privilege is when applying it "would not further the privilege's purpose of ensuring that an attorney can zealously defend his or her client during litigation," such as in a client's claim against his attorney for malpractice. *Id.* at 903-04. Fugazzi was representing his client, Nevada Property 1, and Shapiro represented the bankruptcy estate. They both entered into the stipulated settlement as part of their client representation, so these actions fall under the litigation privilege and cannot form the basis of Afrand's conspiracy claim.

Afrand also asserts that the bankruptcy court erred by dismissing his claims with prejudice. "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted). Additionally, courts should freely give a party leave to amend his complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). But because Afrand's conspiracy claim is predicated on conduct that is protected by the absolute litigation privilege, it is clear that amendment would be futile.[2] *See Leadsinger, Inc.*

---

[2] Because the litigation privilege is a sufficient ground to affirm the bankruptcy court on this claim, I do not reach Afrand's issue preclusion and collateral attack arguments. However, it appears that the bankruptcy court properly applied these doctrines as well.

*v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (stating that denial of leave to amend where amendment would be futile is proper). I therefore affirm dismissal of Afrand's conspiracy claim with prejudice.

### B. The bankruptcy properly dismissed Afrand's breach of duty of neutrality and unauthorized legal actions claims with prejudice because of the litigation privilege.

Afrand raises the same arguments to support reversing the dismissal of his breach of duty of neutrality and unauthorized legal actions claims against Shapiro as he did for his conspiracy claim against Fugazzi. He also argues that Shapiro's actions went beyond Shapiro's limited judicial function to receive judicial immunity. Shapiro responds that breach of duty of neutrality and unauthorized legal actions are not recognized causes of action, and to the extent they assert the same claim as Afrand's conspiracy claim, Shapiro joins Fugazzi's motion. Shapiro also asserts that he is entitled to quasi-judicial immunity in his capacity as bankruptcy trustee.

Reading Afrand's claims broadly, he alleged that Shapiro "acted with bias against [Afrand] by conspiring to close appeals with prejudice" and that "Shapiro, along with Robert Atkinson and Alex Fugazzi" filed the stipulation that dismissed Afrand's pending appeals. ECF No. 13-7 at 4. These allegations appear to be the same as those underlying Afrand's conspiracy claim against Fugazzi. *See id.* at 6. For the same reasons as described above, Shapiro stipulating to dismiss the claims is protected by the litigation privilege. I therefore affirm dismissal of Afrand's breach of duty of neutrality and unauthorized legal actions claims with prejudice.

### C. The bankruptcy court did not err in dismissing Afrand's unjust enrichment claim with prejudice.

Afrand does not specifically argue in favor of his unjust enrichment claim in his opening brief. He argues generally that he should have been given the opportunity to amend his

5

complaint, that the bankruptcy court erred in applying the anti-SLAPP statute, and that he was denied his due process rights.[3]  Shapiro responds that Afrand failed to allege that he conferred a benefit on Shapiro by posting a Google review.

"Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation omitted).  Afrand alleges that Shapiro's response to Afrand's Google Maps review was used to promote Shapiro's business, unjustly enriching him.  Afrand does not identify any benefit he conferred on Shapiro, only that Shapiro benefitted from his own response to Afrand's negative review.  I have reviewed the allegedly defamatory online exchange and agree that Afrand could not allege any additional facts that would plausibly show that Afrand conferred a benefit onto Shapiro. *See* ECF No. 10 at 54.[4]  Thus, I affirm dismissal with prejudice of Afrand's unjust enrichment claim.

/ / / /

---

[3] Afrand's due process arguments are without merit.  Due process requires notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 348-49 (1976).  Afrand filed an opposition to the motions to dismiss and attended the bankruptcy court hearing on the motions where he was given the opportunity to speak, which he declined. ECF Nos. 16-9; 16-11 at 12.

[4] Although I cannot consider the Google review for purposes of determining whether Afrand stated a claim because it was not attached to his complaint in the bankruptcy court, I can consider it to determine whether amendment would be futile. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" but "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."); *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001) (considering representations in a reply brief in determining whether amendment would be futile).

    **D. The bankruptcy court properly dismissed Afrand's defamation claim but should have given leave to amend.**

Afrand does not specifically argue that the bankruptcy court erred by dismissing his defamation claim but argues generally that it erred by dismissing with prejudice and denying him an opportunity to amend. Shapiro responds that Afrand failed to plead a specific false and defamatory statement and that no amendment based on the Google review could state a claim.

To bring a claim for defamation in Nevada, Afrand must plausibly allege "(1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault amounting to at least negligence; and (4) actual or presumed damages." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (simplified). A statement is defamatory if it "would tend to lower the subject in the estimation of the community, excite derogatory opinions about the subject, and hold the subject up to contempt." *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev. 2002) (quotation omitted). In determining whether a statement is actionable for defamation, I must ask "whether a reasonable person would be likely to understand the remark as an expression of the source's opinion or as a statement of existing fact." *Id.* (quotation omitted).

Afrand failed to plausibly allege a claim for defamation but should have been given leave to amend. He alleged that Shapiro posted "derogatory and confidential information about [Afrand] on Google Maps, thereby harming the debtor's reputation . . . ." ECF No. 13-7 at 3. This conclusory statement lacks a sufficient factual basis to state a claim. However, in response to Shapiro's motion to dismiss, Afrand argued that he identified specific statements Shapiro made regarding Afrand concealing assets and engaging in fraudulent behavior during the

bankruptcy proceeding, and that those statements were false. *See* ECF No. 16-9 at 6. In his response to Afrand's Google review, Shapiro wrote in part,

> For those that are reading this and are contemplating filing for bankruptcy, one can learn a lesson from Mr. Afrand's case: full disclosure of assets is paramount. Attempting to conceal any information could lead to undesirable consequences. If you do not fully disclose your assets and advise your attorney about ongoing issues . . . bad things can happen. You can lose your discharge, you can be held in contempt or as in Mr. Afrand's case, lose over a million dollars.

ECF No. 10 at 54. I cannot say as a matter of law that Afrand could not plead any additional facts based on the Google review to state a plausible claim for defamation because a reasonable person reading the review may understand that Shapiro is accusing Afrand of concealing assets during his bankruptcy proceeding. Therefore, Afrand should have been given leave to amend his claim.

### E. Shapiro's special motion to dismiss should have been denied because his statements were not connected to a matter of public concern.

Afrand argues that the bankruptcy court erred by granting Shapiro's special motion to dismiss because the underlying statements were not of a public concern and were therefore not protected under Nevada's anti-SLAPP statute. Shapiro responds that comments posted to a Google review are matters of public concern and therefore protected.

I evaluate an anti-SLAPP motion using a two-step analysis. *Spirtos v. Yemenidjian*, 499 P.3d 611, 614 (Nev. 2021). At step one, I must "[d]etermine whether the moving party has established, by a preponderance of the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." Nev. Rev. Stat. § 41.660(3)(a). Second, if the

8

movant has met its burden, I must "determine whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim." *Id.* § 41.660(3)(b).

The anti-SLAPP statute protects speech in four categories:

(1) Communication that is aimed at procuring any governmental or electoral action, result or outcome;

(2) Communication of information or a complaint to a Legislator, officer or employee of the Federal Government, this state or a political subdivision of this state, regarding a matter reasonably of concern to the respective governmental entity;

(3) Written or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law; or

(4) Communication made in direct connection with an issue of public interest in a place open to the public or in a public forum.

*Id.* § 41.637. Shapiro asserts that his statements in response to the Google review fall under the fourth category.

In determining whether an issue is in the public interest, I use the following guiding principles:

(1) public interest does not equate with mere curiosity;

(2) a matter of public interest should be something of concern to a substantial number of people; a matter of concern to a speaker and a relatively small specific audience is not a matter of public interest;

(3) there should be some degree of closeness between the challenged statements and the asserted public interest—the assertion of a broad and amorphous public interest is not sufficient.

(4) the focus of the speaker's conduct should be the public interest rather than a mere effort to gather ammunition for another round of controversy; and

(5) a person cannot turn otherwise private information into a matter of public interest simply by communicating it to a large number of people.

*Stark v. Lackey*, 458 P.3d 342, 346 (Nev. 2020) (en banc) (quotation omitted).  In an unpublished opinion, the Supreme Court of Nevada conceded that online reviews could be considered consumer information and therefore a matter of public concern. *Curtis v. Davidson*, No. 78157, 466 P.3d 939, 2020 WL 3604040, at *1 (Nev. July 1, 2020).  However, an online review that appears to stem from a personal dispute and does not directly relate to the claimed public interest is not a matter of public interest or concern. *Id.* (finding online review warning that a business discriminates against military and recommending against supporting the business was not an issue of public concern).

      Shapiro's response to Afrand's Google review is not a matter of public concern.  It stems from a personal dispute between the two over Afrand's bankruptcy.  And although Shapiro addressed his statement to "those that are reading this and are contemplating filing for bankruptcy," it is clear that Shapiro is responding to Afrand's negative review and speaking about their personal dispute.  Whether Afrand concealed assets in his bankruptcy is not a matter of concern to a substantial number of people, the statement was not focused on the public interest as opposed to the two's private dispute, and the matter did not turn into a matter of public interest merely because it was posted on Google.  Because Shapiro's statements do not fall under one of the four protected categories in the anti-SLAPP statute, the bankruptcy court should have denied Shapiro's special motion to dismiss.

## III.  CONCLUSION

      I THEREFORE ORDER that the judgment of the bankruptcy court is affirmed in part and reversed in part.  I reverse dismissal with prejudice of Afrand's defamation claim against Brian Shapiro and remand with instructions to allow him leave to amend that claim only.  I reverse the

grant of Brian Shapiro's special motion to dismiss.  I affirm the judgment of the bankruptcy court on all other issues.

DATED this 1st day of September, 2025.

                                                              _____
                                                              ANDREW P. GORDON
                                                              CHIEF UNITED STATES DISTRICT JUDGE